UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CURT M. HUCKSHOLD, d/b/a** Omni Data Systems, <br><br>             Plaintiff, <br><br>vs. <br><br>**HSSL, L.L.C.**, d/b/a Hair Saloon for Men, and **THE MILLER GROUP, INC.**, <br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case number 4:04cv0475 TCM |

## MEMORANDUM AND ORDER

Curt M. Huckshold ("Plaintiff"), doing business as Omni Data Systems ("Omni Data"), filed suit in state court in March 2004 against HSSL, L.L.C., doing business as Hair Saloon for Men ("HSSL"), and the Miller Group, Inc. ("Miller"), characterizing his complaint as one for breach of contract (Count I), tortious interference with a contract (Count II), and misappropriation of trade secrets (Count III). Characterizing the suit as one for copyright infringement, HSSL, with Miller's consent, removed the action to this Court.[1] See 28 U.S.C. §1441(b). HSSL now moves to dismiss the two counts against it, Counts I and III, on the grounds that they are barred by the three-year statute of limitations for

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

copyright infringement actions.[2]  [Doc. 10]  Miller also moves to dismiss the two counts against it, Counts II and III, on the same grounds.  [Doc. 8]  Plaintiff opposes both motions.

## **Background**

Plaintiff creates computer software for the hair salon and barber shop industry. (Comp. ¶ 4.)  Doing business as Omni Data, he entered into an agreement to develop software for the tracking and maintenance of a customer database (the "Software") for HSSL.  (Id. ¶ 6.)  The agreement prohibited HSSL from printing or copying, in whole or in part, the Software or related materials, and from selling, giving, assigning, sublicensing, or otherwise transferring, in whole or in part, the Software or related material without obtaining in each instance prior written consent from Plaintiff.  (Id. ¶ 8.)  Plaintiff delivered the Software to HSSL in March 1999.  (Id. ¶ 7.)

On April 12, 2000, Plaintiff learned that Miller was copying the Software from one of HSSL's computers.  (Id. ¶ 9.)  Miller "admitted that it was copying said software for the purpose of developing similar software."  (Id. ¶ 10.)  On April 17, Plaintiff demanded that Miller return the Software; Miller did.  (Id. ¶ 11.)

Plaintiff alleges in Count I that HSSL breached their agreement by allowing Miller to "copy and download" the Software.  (Id. ¶ 12.)  In Count II, he alleges that Miller tortiously caused HSSL to commit this breach.  (Id. ¶ 18.)  And, in Count III, he alleges that the Software he developed for HSSL was a trade secret, as defined by Mo.Rev.Stat. § 417.457,

---

[2]See 28 U.S.C. § 507(b) (providing for a three-year statute of limitations for civil actions maintained under the Copyright Act).

that Miller is in the business of developing software, and that by allowing Miller to copy the Software HSSL breached its duty to Plaintiff to maintain the secrecy of the Software and limit its use. (Id. ¶¶ 23-25.)

## Discussion

"[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss." **Varner v. Peterson Farms**, 371 F.3d 1011, 1016 (8th Cir. 2004) (alteration added; interim quotations omitted). When determining whether to grant such a motion, "'[a]ll facts alleged in the complaint are taken as true and construed in the light most favorable to the plaintiff.'" Id. (quoting Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003)) (alteration added).

Acceptance at "face" value of the allegations in the complaint is also required under the well-pleaded complaint rule when an action is removed from state court based on federal question jurisdiction. See **Krispin v. May Department Stores**, 218 F.3d 919, 922 (8th Cir. 2000); **Gore v. Trans World Airlines**, 210 F.3d 944, 948 (8th Cir. 2000). "[T]he well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." **Id.** (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)) (alteration added). This rule precludes a defendant from injecting a federal question into a state-law action and then removing the action to federal court on grounds of federal question jurisdiction, "'even if the defense is anticipated

in the plaintiff's complaint[.]'" **Id.** (quoting Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998)) (alteration added).

An exception to this rule exists if Congress has evidenced an intent that federal law completely displace state law. **Lyons v. Philip Morris, Inc.**, 225 F.3d 909, 912 (8th Cir. 2000); **Krispin**, 218 F.3d at 922; **Gore**, 210 F.3d at 949. "'Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" **Husmann v. Trans World Airlines, Inc.**, 169 F.3d 1151, 1152 (8th Cir. 1999) (quoting Caterpillar, Inc., 482 U.S. at 393). Thus, state law claims that are completely preempted and are "recast" as federal claims may be removed to federal court on the grounds of "federal question" jurisdiction. **Blab T.V. of Mobile, Inc. v. Comcast Cable**, 182 F.3d 851, 854 (11th Cir. 1999).

The Copyright Act is not one of the three statutes identified by the Supreme Court as completely preempting state law claims.[3]  See **Dunlap v. G&L Holding Group, Inc.**, 381 F.3d 1285, 1291 (11th Cir. 2004). Therefore, the intent of Congress must be examined.

Section 301(a) of the Copyright Act mandates that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are

---

[3]The three statutes are: "(1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21, et seq." **Dunlap v. Holding Group, Inc.**, 381 F.3d 1285, 1291 (11th Cir. 2004).

> governed exclusively by this title. Therefore, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). See also **Id.**; **United States ex rel. Berge v. Board of Trustees of the Univ. of Ala.**, 104 F.3d 1453, 1463 (4th Cir. 1997) (Board of Trustees). "'The declaration of this principle in section 301 is intended to be stated in *the clearest and most unequivocal language possible*, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and *to avoid the development of any vague borderline areas between State and Federal protection*.'" **Daboub v. Gibbons**, 42 F.3d 285, 290 n.8 (5th Cir. 1995) (quoting H.R.Rep. No. 1476, 94th Cong. 2d Sess. 130 (1976)) (emphasis in citing source).

Courts have employed a two-part test when determining whether an apparent state-law claim is preempted by the Copyright Act. See **National Car Rental Sys., Inc., v. Computer Assocs. Int'l**, 991 F.2d 426, 428 (8th Cir. 1993); **Lipscher v. LRP Publications, Inc.**, 266 F.3d 1305, 1311 (11th Cir. 2001); **Board of Trustees**, 104 F.3d at 1463. The first part is whether the work is within the subject matter of copyright as specified in 17 U.S.C. §§ 102, 103. **Lipscher**, 266 F.3d at 1311. The parties agree that the Software is within that scope. See **National Car Rental Sys., Inc.**, 991 F.2d at 431 (finding computer software to be within the subject matter of copyright); **ProCD, Inc. v. Zeidenberg**, 86 F.3d 1447, 1453 (7th Cir. 1996) (holding that computer software program is "tangible medium of expression" and protected by Copyright Act).

The second part is whether the rights at issue are equivalent to those delineated in section 106. **Briarpatch Ltd. v. Phoenix Pictures, Inc.**, 373 F.3d 296, 305 (2nd Cir. 2004); **Lipscher**, 266 F.3d at 1311. Section 106 protects the right of reproduction, preparation of derivative work, and distribution of copies to the general public. 17 U.S.C. § 106. "The second prong of the preemption test is satisfied unless there is an 'extra element' that changes the nature of the state law action so that it is '*qualitatively* different from a copyright infringement claim.'" **Board of Trustees**, 104 F.3d at 1463 (quoting Rosciszewski v. Arete Assocs, Inc., 1 F.3d 225, 229-30 (4th Cir. 1993)). See also **Briarpatch Ltd.**, 373 F.3d at 306 (same); **Lipscher**, 266 F.3d at 1311-12 (same). Thus, an extra element results in preemption when it changes the *nature* of the action and not the *scope*. **Stromback v. New Line Cinema**, 384 F.3d 283, 301 (6th Cir. 2004). To determine whether an extra element is present, the elements of the state cause of action must be examined, not the facts alleged in support of the claims. **Rosciszewski**, 1 F.3d at 229; **Trandes Corp. v. Guy F. Atkinson Co.**, 996 F.2d 655, 659 (4th Cir. 1993). See also **Firoozye v. Earthlink Network**, 153 F.Supp.2d 1115, 1122-23 (N.D. Calif. 2001) ("[T]here are[, however,] circumstances where a state-law claim does involve the general subject matter of the Act but creates rights that are not equivalent to those protected by the Act, and those claims are not preempted." (alterations added)).

Breach of Contract.  Plaintiff first alleges that HSSL breached its agreement by permitting Miller to copy the Software. His agreement with HSSL provided, inter alia, that HSSL "not sell, give, assign, sublicense, or otherwise transfer in whole or in part, the

software or related material without in each instance obtaining prior written consent from Plaintiff."  (Compl. ¶ 8.)

To succeed on this claim, Plaintiff must establish "(1) the existence of an enforceable contract between the parties, (2) mutual obligations under the terms of the contract, (3) one party's failure to perform the obligations imposed by the contract, and (4) the other party's thereby incurring damage."  **McClain v. Papka**, 108 S.W.3d 48, 53 (Mo.Ct.App. 2003).

The question is whether Plaintiff's breach of contract claim against HSSL for permitting Miller to access and copy the Software includes an extra element that makes this claim qualitatively different from a copyright infringement action.

"[C]ourts generally read preemption clauses to leave private contracts unaffected."  **Lipscher**, 266 F.3d at 1318 (alteration added).  See also **ProCD, Inc.**, 86 F.3d at 1454 (same).  "A copyright is a right against the world.  Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'"  **Id.**  See also **Lipscher**, 266 F.3d at 1318 ("[C]laims involving two-party contracts are not preempted because contracts do not create exclusive rights, but rather affect only their parties." (alteration added)).

In **Telecom Tech. Servs. Inc. v. Rolm Co.**, — F.3d — (11th Cir. Oct. 21, 2004) (2004 WL 2360293), a claim requiring proof that defendants had violated the terms of the plaintiff's software license for the benefit of third parties was found to be an additional element that precluded preemption.  Similarly, in the instant case, Plaintiff's first count requires not a showing not that HSSL copied its Software in violation of their agreement but

that HSSL permitted a third party, Miller, to copy the Software in violation of their agreement. This is a showing beyond the "copying [by the defendant] of constituent elements of the work that are original" required for a claim of copyright infringement. **General Universal Sys., Inc. v. Lee**, 375 F.3d 131, 141 (5th Cir. 2004) (alteration in original). See also **National Car Rental Sys., Inc.,** 991 F.2d at 430-31 (restrictions on the use of software may constitute an additional element making a breach of contract not equivalent to a copyright action); **Taquino v. Teledyne Monarch Rubber**, 893 F.2d 1488, 1501 (5th Cir. 1990) (holding that because breach of contract action involves a promise that is in addition to the mere reproduction, distribution, or display, it is not preempted by § 301 of the Copyright Act). This is not the same cause of action if Plaintiff sued HSSL for HSSL's improper copying of the Software. See **Firoozye**, 153 F.Supp.2d at 1126 (holding that a breach of contract claim was preempted if it was only alleged "that a defendant violated a promise not to use a certain work"). See also **Evolution, Inc. v. Suntrust Bank**, — F.Supp.2d — (D. Kan. May 12, 2004) (2004 WL 2271776) (finding that breach of contract claim filed by software development against licensee alleging that *licensee* improperly modified software was preempted by copyright law).

Moreover, in addition to having to prove the extra element of HSSL permitting Miller to copy the Software, Plaintiff must also prove the extra element of the contract itself. See **Lipscher**, 266 F.3d at 1318-19 (finding no preemption in breach of contract claim; plaintiff "sought to enforce rights created by a simple two-party contract, not copyright

rights," and to succeed on this claim, plaintiff had to show an extra element – "the existence of a valid contract between the parties").

"Just as § 301(a) does not itself interfere with private transactions intellectual property, so it does not prevent states from respecting those transactions." **ProCD, Inc.**, 86 F.3d at 1455.  "Terms and conditions offered by contract reflect private ordering, essential to the efficient functioning of markets." **Id.**

Plaintiff's breach of contract claim requires proof of essential, extra elements and is not preempted by the Copyright Act.  HSSL's request to dismiss this claim will be denied.

<u>Tortious Interference with a Contract Claim.</u>  Plaintiff alleges in Count II that Miller intentionally, and "without justification or excuse," caused HSSL to breach its contract with Plaintiff.  This breach was the unauthorized copying of the Software. Under Missouri law, in order to prevail on his claim of tortious interference with contract, he must establish "1) a valid business expectancy; 2) defendant's knowledge of the contract or expectancy; 3) intentional interference by the defendant inducing or causing a breach of the expectancy; 4) absence of justification; and 5) damages."  **Crowe v. Horizon Homes, Inc.**, 116 S.W.3d 618, 624 (Mo.Ct.App. 2003).

"Awareness or intent . . . are not extra elements that make a state law claim qualitatively different [from a copyright infringement claim]."  **Briarpatch Ltd.**, 373 F.3d at 306 (alterations added).  Rather, these two elements limit the scope of the copyright infringement claim "but leave[] its fundamental nature unaltered."  **Id.** (alteration added).  <u>See</u> also **Motown Record Corp. v. George A. Hormel & Co.**, 657 F.Supp. 1236 (C.D. Cal.

1987) (same). Thus, "[t]hat a tortious interference claim requires the plaintiff to plead the additional elements of awareness and intentional interference, which are not elements of a copyright claim, 'goes merely to the scope of the right; it does not establish qualitatively different conduct on the part of the infringing party, nor a fundamental nonequivalence between the state and federal rights implicated.'" **Titan Sports, Inc. v. Turner Broad. Sys., Inc.**, 981 F.Supp. 65, 70 (D. Conn. 1997) (quoting Harper & Row Publishers, Inc. v. Nation Enters., 723 F.2d 195, 201 (2nd Cir. 1983)) (alteration added). See also **Stromback**, 384 F.3d at 306 ("The fact that the tort, unlike copyright infringement, requires awareness of the conflicting contract and an intentional interference with it merely means that the state-created right is narrower than its copyright counterpart, not that it is qualitatively different so as to preclude pre-emption."); **Data Gen. Corp. v. Grumman Sys. Support Corp.**, 36 F.3d 1147, 1165 (1st Cir. 1994) ("[A] state claim of tortious interference with contractual relations may require elements of awareness and intentional interference not necessary for proof of copyright infringement.  And yet, such an action is equivalent in substance to a copyright infringement claim where the additional elements merely concern *the extent to which* authors and their licensees can prohibit unauthorized copying by third parties." (alteration added)).

To prevail on his tortious interference claim, in addition to Miller's awareness of the contract, Plaintiff need prove only an unauthorized copying.  This Court, like others before it faced with similar claims, finds this claim to be preempted and, consequently, untimely. Cf. **Brush Creek Media, Inc. v. Boujaklian**, 2002 WL 1906620 (N.D. Cal. Aug. 19, 2002)

(No. C-02-3491 EDL) (finding that state claim for interference with prospective economic advantage not preempted because it required element of improperly *licensing* the right to copyrighted material in addition to copying element).  Count II will be dismissed.

<u>Misappropriation of Trade Secrets Claim.</u>  In Count III, Plaintiff alleges that the Software he developed for HSSL was a trade secret, that HSSL had a duty to maintain that secrecy, and that by allowing Miller to copy the software it breached its duty.

Claims of misappropriation of trade secrets that are based solely upon copying are qualitatively equivalent to copyright infringement, and are preempted.  **<u>Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.</u>**, 307 F.3d 197, 218 (3rd Cir. 2002).  On the other hand, claims of misappropriation of trade secrets that are based upon breach of an independent duty of trust or confidence to the plaintiff are qualitatively different than claims for copyright infringement, and are not preempted.  **Id**.  "[T]he breach of a duty of trust or confidentiality comprises the core of actions for trade secret misappropriation, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying."  **<u>Trandes Corp. v. Guy F. Atkinson Co.</u>**, 996 F.2d 655, 660 (4th Cir. 1993).  "It is the *employment of improper means to procure the trade secret, rather than the mere copying or use*, which is the basis for liability[.]"  **Id.** (quoting <u>Restatement (First) of Torts</u> § 757 cmt. a (1939)) (emphasis in original).

"Misappropriation" is defined in the Missouri Uniform Trade Secrets Act as the "[a]cquisition of a trade secret of a person by another person who knows or has reason to

know that the trade secret was acquired by improper means" or "[d]isclosure or use of a trade secret of a person without express or implied consent by another person who . . . [a]t the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was . . . [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use[.]"  Mo.Rev.Stat. §§ 417.453(2)(a) and 2(b)(c)(iii) (alterations added).  A "trade secret" is defined as "information, including but not limited to, technical or nontechnical data, a formula, pattern, compilation, program . . . that [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use[.]"  Mo.Rev.Stat. § 417.453(4)(a) (alterations added). Consequently, in order to prevail on his claim under the Missouri Uniform Trade Secrets Act, Plaintiff will have to prove that the Software was a trade secret that was misappropriated by Miller from HSSL and that HSSL was under a duty to maintain the secret and limit its use.  These are elements in addition to the copying required for a copyright infringement claim.

As noted above, trade secret claims that require proof of a breach of a duty of confidentiality differ from copyright infringement claims because participation in that breach "represents unfair competitive conduct qualitatively different from mere unauthorized copying."  **Data Gen. Corp.**, 36 F.3d at 1165.  "The defendant's breach of duty is the gravamen of such trade secret claims, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright

infringement that are based solely upon copying." **Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.**, 307 F.3d 197, 218 (3rd Cir. 2002).  See also **Titan Sports, Inc.**, 981 F. Supp. at 71 (noting that trade secret claims have generally been held "to satisfy the extra-element test and to avoid § 301 preclusion").

Courts that have been confronted with the question of preemption in the context of trade secret claims filed pursuant to a Uniform Trade Secret Law have consistently held that the law requires proof of "extra elements" that takes the claims out of the preemptive reach of the Copyright Law.  See, e.g., **Stromback**, 384 F.3d at 302-03 (finding no preemption of claim filed under Michigan Uniform Trade Secrets Act and noting that "a considerable number of cases have held that misappropriation of trade secrets claims are not preempted because they require proof of a confidential relationship, which provides the extra element required to survive preemption"); **Gates Rubber Co. v. Bando Chem. Indus., Ltd.**, 9 F.3d 823, 847-48 (10th Cir. 1993) (same in context of Colorado Uniform Trade Secrets Act); **Trandes Corp.**, 996 F.2d at 660 (Maryland Uniform Trade Secrets Act); **S.O.S., Inc. v. Payday, Inc.**, 886 F.2d 1081, 1090 n. 13 (9th Cir. 1989) (California Uniform Trade Secrets Act).  See also **Titan Sports, Inc.**, 981 F.Supp.2d at 71 (finding claim under Connecticut Unfair Trade Practices Act not to be preempted on grounds that plaintiff was "claiming an unfair and deceptive scheme by Defendants and that in carrying out this deceptive scheme, Defendants infringed Plaintiff's copyright and trademark rights").

## Conclusion

To prevail on the first and third count of his complaint, Plaintiff will have to prove in each count an extra element that is qualitatively different than the unauthorized copying necessary to establish a copyright infringement claim. These two counts are, therefore, not preempted. The second count is preempted, for the reasons set forth above, and is untimely. Because this federal question jurisdiction was based only on the Copyright Act, the two remaining state-law claims are not properly before the Court and must be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of HSSL is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the motion to dismiss of the Miller Group is **GRANTED** as to Count II and **DENIED** as to Count III. [Doc. 8]

**IT IS FINALLY ORDERED** that the Clerk of Court remand this case to the Circuit Court for the County of St. Louis, State of Missouri, for lack of subject matter jurisdiction. See 28 U.S.C. § 1441.

An Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2004.